IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRANE,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants. | 1:12-cv-00797-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDERS<br>(Docs. 3, 4.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On May 17, 2012, the court issued an order requiring Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee for this action, within forty-five days. (Doc. 3.) On July 2, 2012, the court issued an order requiring Plaintiff to complete and return the court's form for consent or decline of Magistrate Judge jurisdiction, within thirty days. (Doc. 4.) The deadlines for responding to these orders have now expired, and Plaintiff has not filed an application, paid the filing fee, returned the court's form, or otherwise responded to the court's orders.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 15, 2012.  Plaintiff's failure to respond to the court's orders may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit and indicating whether he is willing to consent to Magistrate Judge jurisdiction.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee or submit an application to proceed in forma pauperis in the first instance and to respond to the court's orders in the second instance that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources.  Plaintiff is a prisoner who has not paid the $350.00 filing fee for this action, indicating the likelihood that he may be indigent, which would make monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's orders of May 17, 2012 and July 2, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being

1 served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   **IT IS SO ORDERED.**

   **Dated:   September 5, 2012**                      /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE